## Olive T. Gram, Guardian, Appellee, v. O'Gara Coal Company, Appellant.

ADMINISTRATION OF ESTATES—*power of court to enforce bid.* If a bid for property belonging to an estate in course of administration is made and accepted, the probate court has jurisdiction to order a resale at the bidder's risk if such bid is not paid and the purchase completed, but it has no power to compel a specific performance.

Petition to sell, etc. Appeal from the County Court of Logan county; the Hon. DONALD McCORMICK, Judge, presiding. Heard in this court at the November term, 1908. Reversed and remanded. Opinion filed March 30, 1910. Rehearing denied May 25, 1910.

WILLIAM S. HEFFERAN and M. S. WHITLEY, for appellant.

PETER MURPHY, Guardian *ad litem* for minor appellees, and OLIVE T. GRAM, Guardian, appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

Appellee filed her petition in County Court of Logan county, as guardian of Hallie E. Gram and others, minors, for an order of that court to sell the coal under the lands described in appellee's petition, which belonged to her wards. Upon this petition a decree of sale was entered by the County Court of Logan county, December 3, 1906.

After advertising the sale as required by the terms of the decree, the coal under the said lands was struck off and sold to the O'Gara Coal Company, upon their bid, at the sum of $3,000. The appellant, O'Gara Coal Company, refused to comply with its bid and make payment of the amount; and the guardian reported to the County Court of Logan county the sale and the failure and refusal of appellant to complete its purchase. Upon this report being filed, a citation was issued against the appellant requiring it to appear before the County Court of Logan county, November 25, 1907, to show cause why the premises should not be resold at the risk and expense of appellant. This citation was duly served on the 14th day of November, 1907, by the sheriff of Logan county. The appellant appeared in answer to such citation and entered motion to strike the petition of appellee from the files, which motion was overruled; and thereupon the county court of Logan county enterd an order directing a resale of said premises at the expense and risk of appellant.

Appellee readvertised the sale under this decree and attempted to make a sale after proper advertisements on the second day of May, 1908. There were no bidders at this sale and no offers received for the property, and thereafter on the

29th day of July, 1908, the appellant was served with notice which is as follows:

"To the O'Gara Coal Company and to M. S. Whitley and Baldwin & Stringer, its attorneys.

You are hereby notified that the above named Olive T. Gram, guardian, will, on August 10th, 1908, at 9 o'clock A. M., or as soon thereafter as counsel can be heard, move said court for a decree and judgment against the said O'Gara Coal Company for the amount of its bid at the sale heretofore made by said guardian on the 12th day of January, 1907, under and by virtue of the decree of sale in said cause, together with legal interest thereon.

Olive T. Gram, Guardian.

Received the notice of which the above is a true copy this 29th day of July, A. D. 1908.

Baldwin & Stringer,
for M. S. Whitley."

In pursuance therewith at the August term, 1908, the County Court entered a decree directing the appellant to pay to the said Olive T. Gram, guardian, within twenty days from the date of that decree, $3,000, the amount of their bid with interest from the fourteenth day of October, 1907, at 5 per cent, and it is from that decree that this appeal is prosecuted.

The Probate Court in matters of this kind has equitable jurisdiction and powers for the purpose of carrying out and enforcing its decrees, but it had no power to compel a specific performance and thereby enforce a compliance with the bid made by appellant and compel it to accept the property. The court exceeded its authority in attempting to compel the appellant to accept and pay for this property under and by virtue of the decree which it rendered. It had no authority to enter such a decree and it cannot be sustained.

The court in its decree fixed the minimum amount at which a resale should be made in an attempt to hold the first bidder responsible for the loss on a resale. Such a decree is erroneous. The decree fixed the minimum price at $25 per acre. Had there been a bid at the resale of $24 per acre

Gram v. O'Gara Coal Co., 156 Ill. App. 228.

under the decree it could not be sold. If such a decree can be sustained, then the original bidder could be held liable for the full amount of his bid upon the theory there were no bids at the resale.

Upon the ordering of a sale of property by the guardian and a bid being made, and a failure to comply with the bid, the Probate Court had the power to direct and order a resale and upon proper notice to the bidder, to direct that the sale should be made at the bidder's risk and expense, and upon proper proceedings had, and resale of the property, the bidder would be liable for the difference between the amount realized at that sale and the former bid, but in this case there was no resale of the property, and the question of the amount of damages in such conditions does not arise.

To attempt to compel the appellant to accept the property and make payment was, in effect, the entering of a decree of specific performance; this the Probate Court had no power to do.

The decree is reversed and the cause remanded.

Counsel for appellant in their argument in this case have made an unwarranted and unprofessional attack upon the trial court and we do not feel that we can let this pass without some notice being taken thereof. There certainly is no merit in the manner in which reference is made to the honorable judge presiding in the Probate Court and the counsel cannot expect this court to look with favor or even with tolerance upon the manner in which they have attempted to reflect upon the trial court. That court did what it believed to be its duty in rendering its decree herein and counsel in presenting their case before this court, should have confined themselves to the merits of the controversy involved, and we sincerely hope they will refrain from following such methods in the future.

*Reversed and remanded.*